IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| LUIS AND ADRIANA LECHUGA, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:15-cv-276 |
| § | |
| STANDARD GUARANTY INSURANCE § | JURY |
| COMPANY, § | |
| § | |
| Defendant. § | |

### STANDARD GUARANTY INSURANCE COMPANY'S NOTICE OF REMOVAL

1. Defendant Standard Guaranty Insurance Company ("Standard Guaranty") files this Notice of Removal against Plaintiffs Luis and Adriana Lechuga ("Plaintiffs") as follows:

### I. COMMENCEMENT AND SERVICE

2. The underlying lawsuit was commenced on October 9, 2015, when Plaintiffs filed their Original Petition in the 49th Judicial District Court of Webb County, Texas, styled Cause No. 2015CVF003310D1; *Luis and Adriana Lechuga vs. Standard Guaranty Insurance Company*.[1]  Standard Guaranty received notice of service from the Texas Department of Insurance on October 28, 2015.[2]  Standard Guaranty filed its answer in state court on November 16, 2015.[3]

3. This Notice of Removal is filed within thirty days of the receipt of process of a copy of the initial pleading, from which it was ascertained that the case is one which is

---

[1] *See* Exhibit B-1, Original Petition.
[2] *See* Exhibit A, Executed Process.
[3] *See* Exhibit B-2, Defendant's Original Answer.

1

removable, and is timely filed under 28 U.S.C. § 1446(b).[4] This Notice of Removal is also filed within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

## II. GROUNDS FOR REMOVAL

4. Standard Guaranty is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

## III. DIVERSITY OF CITIZENSHIP

5. This is an action with complete diversity of citizenship between Plaintiffs and the joined Defendant.

6. Plaintiff is a citizen of Texas.[5]

7. Defendant Standard Guaranty is a foreign insurance company.[6]

8. No change of citizenship has occurred since commencement of the state court action. Accordingly, diversity of citizenship exists among the proper parties.

## IV. AMOUNT IN CONTROVERSY

9. In the Fifth Circuit, a defendant who is served with a pleading requesting an indeterminate amount of damages has two options. The defendant may either remove the case immediately if it can reasonably conclude that the amount in controversy exceeds $75,000.00, or the defendant may wait until the plaintiff serves some "other paper" indicating that the amount in

---

[4] *See* Exhibit A, Executed Process; *See Barrackman v. Banister*, CIV.A. H-06-3622, 2007 WL 189378, at *2 (S.D. Tex. Jan. 22, 2007) ("the time for removal runs from the receipt [of notice of service] by the named defendant after transmission from the statutory agent."); *Harmon v. Fleetwood Enterprises, Inc.*, SA-05-CA-636-RF, 2005 WL 3068567, at *2 (W.D. Tex. Nov. 10, 2005) (acknowledging that service on a statutory agent is insufficient to trigger the removal period).

[5] *See* Exhibit B-1, Original Petition; Exhibit J-1, Accurint Report of Luis Lechuga (demonstrating that Mr. Lechuga has resided in Texas since 2006); Exhibit J-2, Accurint Report of Adriana Lechuga (demonstrating that Ms. Lechuga has resided in Texas since 2006).

[6] *See* Exhibit I, Affidavit of James E. Littleton.

controversy exceeds that amount.[7]  If the defendant chooses to remove the case immediately, then the federal court may determine the amount in controversy by: (i) looking to the defendant's removal papers or (ii) making an independent appraisal of the amount of the claim.[8]  In this Circuit, the amount in controversy is calculated by considering all potential damages.[9]  Here, Plaintiffs' demand letter demonstrates that the amount in controversy exceeds $75,000. Additionally, the Court should disregard Plaintiffs' nonbinding stipulation of damages.

> A.  AVAILABLE FACTS PROVE THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

10.    If this Court makes an independent appraisal of the amount of Plaintiffs' claims in this case or relies on Standard Guaranty's removal papers, the Court will conclude that the amount in controversy exceeds $75,000.00.  On September 10, 2015, Plaintiff served Standard Guaranty with a demand letter seeking a total demand of $114,307.61.[10]  This amount includes actual damages of $31,435.87 and $20,000.00 in attorney fees.[11]  Based on the claims asserted and the intricate issues involved, the amount of attorneys' fees sought will only increase throughout the course of litigation.[12]  Accordingly, Plaintiffs' Original Petition and estimate

---

[7] *See* 28 U.S.C. § 1446((b)(3); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761–762 (5th Cir. 2000) (holding a post-filing demand letter as a valid basis upon which a case becomes removable).

[8] *Allan v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (holding that "[a] court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [$75,000.]"); *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir. 1993) (holding that remand was properly denied where it was "facially apparent" from the complaint that damages could easily exceed the court's jurisdictional limits).

[9] *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284 (5th Cir. 2001) (relying on all potential damages to establish the threshold amount in controversy for diversity jurisdiction, including exemplary or punitive damages); *St. Paul Reinsurance Co., Ltd v. Greenerg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages—just not interest or costs."); *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages—just not interest or costs.").

[10] Exhibit H, September 10, 2015 Demand Letter.

[11] Exhibit H, September 10, 2015 Demand Letter.

[12] *St. Paul Reinsurance Co., Ltd.*, 134 F.3d at 1253 (stating that amount in controversy should include potential attorney's fees incurred through trial).

establish that the total amount in controversy in the action exceeds the sum of $75,000.00, and this Court has jurisdiction under 28 U.S.C. § 1332.

### B. PLAINTIFFS' STIPULATIONS OF DAMAGES ARE IMPROPER.

11. The Court should disregard Plaintiffs' improper attempt to avoid federal jurisdiction by way of a nonbinding statement of damages. Plaintiff's Original Petition included non-binding statements in the Petition that he is seeking "monetary relief of no more than $74,500.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees."[13] Such statements fail to satisfy the requirements of a legally binding stipulation to prevent removal.

12. Federal courts properly disregard monetary pleadings (similar to Plaintiffs' Original Petition) in Texas for removal purposes because "the State practice…does not permit demand for a specific sum [and] permits recovery of damages in excess of the amount demanded."[14] In *Novola* Judge Alvarez reviewed a similar non-binding stipulation of damages in a removal proceeding and stated:

> As recognized by the *De Aguilar II* Court, and asserted by State Farm in its response, Noyola's allegations violated Texas law, which prohibited plaintiffs from alleging a specific dollar amount of damages at the time the petition was filed. These considerations inform the Court's opinion that, instead of pleading a legitimate estimation of damages in this case, "[a]s a functional matter, plaintiff[ ][is] attempting to avoid federal jurisdiction." As a result, the allegations fall within the statutory exception and precedential

---

[13] *See* Exhibit B-1, Original Petition, at 16.

[14] 28 U.S.C. § 1446(c)(2)(A)(ii); TEX. R. CIV. P. 47 (addressing permissible claims for relief); *Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 941 (Tex. 1990) (Texas law permits post-verdict amendments to conform the amount of damages requested to that awarded by a jury); *Wilson v. Hibu Inc.*, No. 3:13-CV-2012-L, 2013 WL5803816 (W.D. Tex. October 28, 2013) (denying remand despite stipulation of damages, stating "[a]pparently, Plaintiff believes that this rule provides her a means to avoid federal jurisdiction, yet the plain language of the rule has no provision for a plaintiff limiting her damages to $75,000 or less."); *Noyola v. State Farm Lloyds*, 7:13-CV-146, 2013 WL 3353963 (S.D. Tex. July 3, 2013) (same).

> definition of "bad faith," and the Court finds that the amount demanded in the complaint does not control the analysis.[15]

Under the same circumstance, the *Troiani*, Court stated:

> When a plaintiff specifically limits his recovery in an attempt to avoid federal jurisdiction, his claim will not control if made in bad faith. *De Aguilar*, 47 F.3d at 1409-10. A plaintiff's claim will be characterized as made in bad faith if it was made "with the knowledge that the claim is actually worth more, but also with the knowledge that [the plaintiff] may be able to evade federal jurisdiction by virtue of the pleading."[16]

"[I]f a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint."[17] This is achieved by the plaintiff "filing a legally 'binding stipulation or affidavit' with their state court complaint, stating that she affirmatively seeks less than the jurisdictional threshold *and* further stating that she will not accept an award that exceeds that threshold."[18] Plaintiffs have not filed any such binding stipulation or affidavit in this case.

13.   In this case, the Court should follow the above well-established law and disregard the Petition's bad faith and non-binding stipulation of damages. In the present case, Plaintiff did not submit a legally binding stipulation or affidavit limiting the amount in controversy below the jurisdictional minimum, but merely included a bad faith recitation of damages in his Petition. Accordingly, the Original Petition and estimate establish that the total amount in controversy in

---

[15] *Noyola*, 2013 WL 3353963, at *1-2 (ultimately denying Plaintiff's Motion to Remand).

[16] *Troiani v. Allstate Insurance Company*, No. CIVA B-06-00067, 2006 WL 1851378, at *4 (S.D. Tex. July 3, 2013) (ultimately, denying Plaintiff's motion to remand despite Petition's statement that he seeks "monetary and other relief not in excess of $70,000.").

[17] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995).

[18] *Washington-Thomas v. Dial Am. Mktg., Inc.*, EP-12-CV-00340-DCG, 2012 WL 5287043 (W.D. Tex. Oct. 23, 2012) (quoting *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411–12 (5th Cir.1995)) (emphasis in original). Such a standard is necessary because Texas courts permit post-verdict amendments to conform the amount of damages requested to that awarded by a jury. *Greenhalgh*, 787 S.W.2d at 941.

the action exceeds the sum of $75,000.00, and this Court has jurisdiction under 28 U.S.C. § 1332.

## V. VENUE

14.   Venue lies in the Southern District of Texas, Laredo Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the state court action in this judicial district and division.

## VI. CONSENT TO REMOVAL

15.   No Consent to Removal is necessary as Standard Guaranty is the only named defendant in this lawsuit.

## VII. NOTICE

16.   Defendant will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. § 1446(d).  Defendant will also file with the clerk of the state court, and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

## VIII. STATE COURT PLEADINGS

17.   Copies of all state court pleadings and orders are attached to this Notice of Removal.

## IX. EXHIBITS TO NOTICE OF REMOVAL

18.   Pursuant to Rule 81 of the Local Civil Rules for the Southern District of Texas, the following documents are attached to this Notice as corresponding numbered exhibits:

> A. All executed process in the case;
>
> B. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;
>
>> 1. Plaintiff's Original Petition;
>>
>> 2. Standard Guaranty's Original Answer;

  C. All orders signed by the state judge;

  D. Docket sheet;

  E. An index of matters being filed;

  F. A list of all counsel of record, including addresses, telephone numbers and parties represented;

  G. Civil Cover Sheet;

  H. Exhibit H, September 10, 2015 Demand Letter;

  I. Affidavit of James E. Littleton;

  J. Affidavit of Jeremy A. Williams;

    1. Accurint Report on Luis Lechuga;

    2. Accurint Report on Adriana Lechuga.

## X. CONCLUSION

WHEREFORE, Defendant, pursuant to the statutes cited herein, removes this action from the 49th Judicial District Court of Webb County, Texas to this Court.

Dated: November 23, 2015

          Respectfully submitted,

          EDISON, MCDOWELL & HETHERINGTON, LLP

          By: /s/ Bradley J. Aiken
            Bradley J. Aiken
            State Bar No. 24059361
            Federal Bar No. 975212
          Phoenix Tower
          3200 Southwest Freeway, Suite 2100
          Houston, Texas 77027
          Telephone: (713) 337-5580
          Facsimile: (713) 337-8850
          brad.aiken@emhllp.com

          *Attorney-in-Charge for Defendant*
          *Standard Guaranty Insurance Company.*

Of Counsel:

Jeremy A. Williams
State Bar No. 24090467
Federal Bar No. 2639638
EDISON, MCDOWELL & HETHERINGTON, LLP
Phoenix Tower
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone: (713) 337-5586
Facsimile: (713) 337-8850
Jeremy.williams@emhllp.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on November 23, 2015, on the following counsel of record by certified mail, return receipt requested:

Bill L. Voss
Scott G. Hunziker
Zach Moseley
THE VOSS LAW FIRM, P.C.
26619 Interstate 45
The Woodlands, Texas  77380

            /s/  Bradley J. Aiken
             Bradley J. Aiken